**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES E. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00150-AGF |
| | ) | |
| SARAH E. PITLYK, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Self-represented Plaintiff Charles E. Hall brings this civil action for alleged violations of his constitutional rights against the Honorable Sarah E. Pitlyk of this District Court.  ECF No. 1. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915.  Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### Plaintiff's Background

Some background information on Plaintiff's criminal history clarifies the allegations of his Complaint.  According to an independent review of Court records, Plaintiff Charles E. Hall was convicted in August 2003 of transportation of a minor in interstate commerce with the intent to engage in criminal sexual activity and as a result, he is required to register as a sex offender.  In November 2018, Plaintiff was charged in this Court with one count of failure to register.  *United States v. Hall*, No. 4:18-cr-924-CDP-1 (E.D. Mo. filed Nov. 8, 2018).  Plaintiff pled guilty in

January 2019 and was sentenced in April 2019 to a term of five (5) months imprisonment followed by five (5) years of supervised release.  However, in December 2021, Plaintiff was arrested for violations of the terms of his supervised release.  At the time, Plaintiff argued that he was exempt from arrest or seizure under 46 U.S.C. § 30908.[1]  *Id.* at ECF No. 46 at 2.  But, at his final supervised release revocation hearing in March 2022, Plaintiff admitted the violations.  Subsequently, his supervised release was revoked, and he was sentenced to time served.  *Id.* at ECF Nos. 56-57.  The Court notes that nothing on the docket sheet for this criminal matter indicates any involvement by Judge Pitlyk.

However, approximately a year-and-a-half later, Plaintiff was again charged in this Court with failure to register as a sex offender.  *United States v. Hall*, No. 4:24-cr-00395-SEP-1 (E.D. Mo. filed Aug. 7, 2024).  In March 2025, Plaintiff pled guilty before Judge Pitlyk and in June 2025, Judge Pitlyk sentenced him to fifteen (15) months imprisonment followed by five (5) years of supervised release.  *Id.* at ECF Nos. 32, 44.  Next, Plaintiff was arrested on February 26, 2026, for violations of the terms of his supervised release.  On April 7, 2026, a final revocation hearing was held where Plaintiff contested the violations, but Judge Pitlyk revoked his supervised release and sentenced him to eight (8) months imprisonment followed by fifty-two (52) months of supervised release.  *Id.* at ECF Nos. 61, 64.

Although Plaintiff has not updated his mailing address with the Court in this case, it appears that he is currently incarcerated on these supervised-release violations at FCI Thomson in Illinois.[2]

---

[1] According to this statute, the following are exempt from arrest or seizure: (1) vessels owned by, possessed by, or operated by or for the United States or a federally-owned corporation; and (2) cargo owned or possessed by the United States or a federally-owned corporation.  46 U.S.C. § 30908.

[2] The Clerk of Court will be directed to update the docket sheet to reflect this address for Plaintiff.

*See Hall v. St. Louis City Home Rule Mun. Corp.*, No. 4:26-cv-00955-SPM (E.D. Mo. filed June 15, 2026).

## The Complaint

On February 2, 2026—after Plaintiff pled guilty before Judge Pitlyk for failure to register as a sex offender, but before he was arrested on his supervised release violations in that case— Plaintiff filed the instant civil action.  ECF No. 1.  Plaintiff sues Judge Sarah E. Pitlyk based on federal question jurisdiction, specifically: the Bill of Rights, "Article 1 Dormant Commerce Clause," Supremacy Clause, Takings Clause, 18 U.S.C. § 2250,[3] 34 U.S.C. § 20901,[4] and "cruel and unusual punishment."  *Id.* at 3.  For relief, Plaintiff seeks ten (10) million dollars in damages or "in the alternative," release "from [the] sex offender registry for good."  *Id.* at 5.

According to Plaintiff, the events giving rise to his claim occurred on September 9, 2002 in the State of Missouri "in interstate travel to the state of Illinois."  *Id.* at 4.  Furthermore, the facts underlying his claim, in his own words, are as follows:

> [Hall] was placed on federal supervised release for aggravated criminal sexual assault [Hall] violated those terms Judge Sarah Pitlyk assigned [Hall] to probation again causing [Hall] subjective ill will and illegitimate animus despoiling [Hall] earning power in an indifferent, discriminatory manner impinging on specific property rights "right to travel" and "jura in re aliena" corrupted blood in the law as to incorporeal and corporeal hereditaments – real estate unable to return to status quo

*Id.* at 5 (brackets words in original).  In terms of injury, Plaintiff asserts damage to his reputation. *Id.*

---

[3] This is the criminal statute that Plaintiff was charged and convicted under for failure to register as a sex offender.

[4] This provision includes Congress's "Declaration of Purpose," explaining the reasoning and need for a "comprehensive national system" for the registration of sex offenders.

Plaintiff attached multiple exhibits[5] to his Complaint that have no clear relevance to his allegations.  ECF Nos. 1-3 to 1-7.  In one exhibit, Plaintiff argues that Rule 60(b)(5) applies because it has been impossible for him to return to his "status quo."  ECF Nos. 1-3 to 1-5.  Plaintiff argues about unfair treatment at the hands of the Federal Bureau of Prisons, and he asserts his "right to travel" and "specific property rights."  ECF No. 1-3.  He also argues that his health conditions including osteoarthritis, degenerative joint disease, retina damage, coronary artery disease, and pulmonary disease have made it hard to find employment.  ECF Nos. 1-4 to 1-5.  Plaintiff also attached an "Affidavit of reservation of rights UCC 1-308/ 1-207," describing himself as an "American national" and "a common man of the Sovereign people."  ECF No. 1-6.  None of these documents mention defendant Judge Pitlyk or state any allegations against her.

Finally, Plaintiff attached a document titled "International Commercial Affidavit Within the Admiralty" in which he labels himself the "Libellant" and defendant Judge Pitlyk as the "Libellees."  ECF No. 1-7.  In this document, Plaintiff describes himself as a "Secured Party and Creditor" seeking "remedy and relief" within "an administrative procedure within the admiralty." *Id.* at 1.  He alleges that the U.S. Marshalls kidnapped him and violated his constitutional rights on September 16, 2023, by calling him a sex offender and demanding that he show a drivers license. *Id.* at 4-5, 9.

Ten (10) days after initiating this action, Plaintiff filed a supplement titled "Affidavit Notice of Liability Regarding Trespass – Affidavit of Fee Schedule and Remedy."  ECF No. 3.

---

[5] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Based on a review of this document by the Court, nothing in it pertains to the allegations of the Complaint.

**Discussion**

After careful review and liberal construction of the allegations of the pleadings, this case will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). None of Plaintiff's allegations state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Nowhere in the Complaint does Plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff here states that he was injured in September 2002 while traveling from Missouri to Illinois. However, he provides no facts in support of any legal claim against defendant Judge Pitlyk related to that event. His only allegations against Judge Pitlyk appear to involve his criminal conviction for failing to register as a sex offender. As best the Court can decipher, Plaintiff blames Judge Pitlyk for his social and economic difficulties following this conviction. However, Plaintiff provides no evidence in support of any viable legal claims against Judge Pitlyk. As such, this case must be dismissed for failure to state a claim upon which relief may be granted.

The Court notes that even if Plaintiff's pleadings did state a discernible claim against Judge Pitlyk based on Plaintiff's criminal case in her Court, immunity would bar this claim. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity

or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, Plaintiff alleges no facts of Judge Pitlyk acting outside her judicial capacity or without jurisdiction. All of Judge Pitlyk's allegedly unlawful actions were judicial in nature. Furthermore, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge Pitlyk acted within her judicial capacity and within this Court's proper jurisdiction, she is granted absolute immunity from civil suit as to Plaintiff's claims against her.

Finally, based on the exhibits and supplemental filing, Plaintiff appears to be asserting claims based on a theory of sovereignty. "Sovereign citizens are a loosely-affiliated group who believe government in the United States operates illegitimately and outside the bounds of its jurisdiction." *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019); *see also United States v. Barraza*, 982 F.3d 1106, 1113 n.3 (8th Cir. 2020). Courts have found common sovereign citizen arguments to be frivolous, including the belief that they are secured-party creditors who are not subject to the jurisdiction of the courts. *See, e.g., United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); *United States v. Hardin*, 489 F. App'x 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen," a "secured-party creditor," and a "flesh-and-blood human being"). Courts have also routinely denied sovereign citizen claims based on an unfettered right to travel. *See, e.g., Hyppolite v. Broward Sheriff's Off.*, No. 16-6125, 2017 WL 2691978 (S.D. Fla. June 22, 2017) (rejected argument of plaintiff pulled over for speeding who claimed that as a "traveler" he did not need a driver's license); *Secor v. Okla.*, No. 16-CV-85,

2016 WL 6156316 (N.D. Okla. Oct. 21, 2016) (dismissed sovereign-citizen plaintiff's suit for failure to state a claim that included allegations that he was not required to have a driver's license and automobile insurance); *Matthews v. U.S.*, No. 3:16cv00148, 2016 WL 2624974 (S.D. Ohio May 9, 2016) (dismissed "sovereign freeman" plaintiff's claims that arose from a traffic stop resulting in multiple citations including driving with an expired driver's license).

**Conclusion**

Plaintiff's motion to proceed without prepayment of fees and costs will be granted and the filing fee will be waived. However, although the Court is required to give Plaintiff's filings the benefit of a liberal construction, the Court will not create facts or construct legal claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). Plaintiff has not provided any facts to support a legal claim against named defendant Judge Sarah E. Pitlyk. Therefore, this case is dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to defendant Sarah E. Pitlyk because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant Sarah E. Pitlyk are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet to reflect that Plaintiff is currently incarcerated at FCI Thomson, P.O. Box 1002, Thomson, IL 61285.

      **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

      An Order of Dismissal will accompany this Memorandum and Order.

      Dated this 7th day of July, 2026.


                                       AUDREY G. FLEISSIG
                                       UNITED STATES DISTRICT JUDGE